UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HL BUILDERS, LLC f/k/a | § | Case No. 19-32825 |
| CD HOMES, LLC, | § | |
| | § | |
| Debtor. | § | (Chapter 11) |

**[PROPOSED] FINDINGS OF FACTS AND CONCLUSIONS OF LAW REGARDING PETITIONING CREDITORS' INVOLUNTARY PETITION**

Upon the involuntary petition filed on May 20, 2019 (the "Petition"), by Houtex Builders, LLC ("Houtex"), 2203 Looscan, LLC ("Looscan") and 415 Shadywood, LLC ("Shadywood" and together with Houtexs and Looscan, the "Petitioning Creditors") against HL Builders, LLC f/k/a CD Homes (the "Debtor" or "CD Homes" or "HL Builders") and after holding a hearing (the "Hearing")[1] to consider the dismissal of such Petition and in consideration of the record of the Hearing[2] which record is incorporated herein, the Court hereby FINDS AND CONCLUDES THAT:[3]

CD Homes builds single-family homes in the Houston area. CD Homes is a party to various contracts with the Petitioning Creditors. These contracts include certain Investor Agreements. For all purposes relevant to this matter, each home building project (each a "Project") has an associated Investor Agreement.

---

[1] The hearing was held on July 16, 2019; August 15, 2019; and August 20, 2019. At the hearing, Mr. Foster testified on behalf of Petitioning Creditors, and Mr. Parker testified on behalf of Debtor. The Court finds and concludes that the testimony of Mr. Foster was credible. The Court also finds and concludes that the testimony of Mr. Parker was not credible.

[2] The Court admitted Petitioning Creditors' exhibits numbered 1 to 8, 36 to 41, 43, 44. The Court took Judicial Notice of Petitioning Creditors exhibits numbered 16, 34, 35, Debtor's exhibits 1 to 9 and the entire docket of Adversary Number 04-3658. The Court admitted Petitioning Creditors' exhibit 10 and Debtor's exhibit 10 as a demonstrative exhibit.

[3] Each finding of fact more appropriately considered a conclusion of law is so deemed; each conclusion of law more appropriately considered a finding of fact is so deemed.

Each Investor Agreement includes a provision that states: "Investor and CD [Homes] agrees that if funds are required to make any payments that exceed the sum of the Investor's equity, as defined below, and the [construction] Loan, all such funds are to be provided by CD [Homes]." Investor Agreement, ¶ 6.

The Investor Agreements provide that the principal amounts of the Equity Loans are as follows: $405,000.00 for 415 Shadywood;[4] $638,625.00 for 2203 Looscan;[5] $339,000 for 5325 Lynbrook;[6] and $459,750 for 3 Thornblade.[7]

The Court finds that third-party funds were used in connection with the Projects as follows:

- The proceeds of a certain $1,600,000 promissory note, dated May 30, 2014, entered into between Houtex and Spirit of Texas Bank ("SOTB") were used in connection with the Projects as follows: $467,635.43 used in connection with 3 Thornblade, $20,000 used in connection with 2203 Looscan and $406,323.41 used in connection with 415 Shadywood.

- The proceeds of a certain $500,000 line of credit from Spirit of Texas Bank (the "SOTB LOC") in the amount of $483,754.90 were used in connection with 3 Thornblade.

- A loan from Great Southwest Financial Corp. ("GSFC) in the amount of $387,254.71 were used in connection with 3 Thornblade.

- A loan from Jim D. Nored in the amount of $244,000 was used in connection with 415 Shadywood.

- A loan from Jim D. Nored in the amount of $118,650 was used in connection with 415 Shadywood.

- A loan from Hmaidan & Hmaidan, LLC in the amount of $783,000 was used in connection with 2203 Looscan.

- A loan from Pensco Trust Co. in the amount of $347,600 was used in connection with 415 Shadywood.

---

[4] Petitioning Creditors' Exhibit 2, Investor Agreement, § 8.
[5] Petitioning Creditors' Exhibit 1, Investor Agreement, § 8.
[6] Petitioning Creditors' Exhibit 4, Investor Agreement, § 8.
[7] Petitioning Creditors' Exhibit 3, Investor Agreement, § 8.

- A loan from Jim D. Nored in the amount of $339,000 was used in connection with 5325 Lynbrook.

- A loan from Jim D. Nored in the amount of $90,640 was used in connection with 5325 Lynbrook.

The excess funding over the Equity Loan Amount is reflected in the following chart:

| Property | Equity Loan Amount | Third-Party Funding (principal amount) | Excess Funding Over Equity Loan Amount |
|---|---|---|---|
| 415 Shadywood | $405,000 | SOTB ($1.6MM) - $406,323.41<br>Pensoco Trust - $347,600<br>Jim D. Nored - $244,000<br>Jim D. Nored - $118,650<br>**Total: 1,1116,573.41** | **$711,573.41** |
| 2203 Looscan Lane | $638,625 | SOTB ($1.6MM) - $20,000<br>Hmaidan & Hmaidan, LLC - $783,000<br>**Total: $803,000.00** | **$119,375.00** |
| 3 Thornblade | $459,750 | SOTB ($1.6MM) - $467,635.43<br>SOTB (LOC) - $483,745.90<br>GSFC. - $387,254.71<br>**Total: $1,338.638.04** | **$878,886.04** |
| 5325 Lynbrook | $339,000 | Jim D. Nored - $339,000<br>Jim D. Nored - $90,640<br>**Total: $429,640.00** | **$90,640.00** |

Each Investor Agreement also sets forth a list of payments (the "<u>Required Payments</u>") that are required to be paid out of the closing of the sale of each Project. The Required Payments include "any amount [CD Homes] was required to provide under paragraph 6 of the [Investor] Agreement" and $50,000 to the respective Petitioning Creditor.

The Investor Agreements provides that "[i]f Net Proceeds [from the sale of the Project] are less than the amount required to make the [Required Payments], then CD [Homes] is to provide at closing the funds necessary to make up for the shortfall. Investor Agreements, ¶ 8.

The closings on three Projects, one associated with each Petitioning Creditor, occurred at the end of 2018 and the beginning of 2019. The Court finds that there were insufficient proceeds at the closings of these Projects to make the Required Payments and HL Builders was therefore

required to fund the Required Payments. The Court finds that HL Builders did not fund the Required Payments at closing.

HL Builders alleges that the Investor Agreements were modified such that the amount of permitted Equity Loans under the Investor Agreements increased. HL Builders also alleges that the Investor Agreements were modified to remove the $50,000 required payment to each Petitioning Creditor at closing. The Court determines that there is insufficient evidence to establish that these modifications occurred.

A modification or amendment requires the same elements as a contract. These elements include a meeting of the minds and consideration.

With respect to meeting of the minds, there is no evidence that HL Builders and the Petitioning Creditors had a meeting of the minds of the material terms of a modification. With respect to the Equity Loan amounts, even HL Builders representative, Mr. Parker, could not provide any details on the material terms of such modifications. No evidence of the material terms[8] of the contract modification has been given, therefore there cannot be a finding that there was a meeting of the minds regarding such contract modification.

Additionally, there is no consideration for the alleged modifications. HL Builder's argument is that the Petitioning Creditors voluntarily gave up hundreds of thousands of dollars to alter a financial arrangement that would otherwise guarantee them at closing a payment of $50,000 on each Project. The Court does not find any credible evidence that there was any consideration given by HL Builders[9] for such a modification.

---

[8] There was no evidence of the material terms. Mr. Parker did not provide any in his testimony.
[9] A central argument that HL Builders makes is that Mr. Foster through the Petitioning Creditors requested that HL Builders delay the building of the Projects. Mr. Foster testified that he asked Mr. Parker to delay commencing any further Projects but once a project started he wanted it built as quickly as possible so it can be sold as soon as possible. The Court finds Mr. Foster credible and Mr. Parker not credible.

The Court finds that there is no bona fide dispute with respect to liability since there was no legal modifications to the Investor Agreements.

The Court finds that there is no bona fide dispute with respect to the following amounts of the Petitioning Creditors' claims against the Debtor:

- For Houtex Builders, LLC, there is no bona fide dispute that the Debtor owes at a minimum $969,526.04 for additional funds obtained in excess of the Equity Loans for 3 Thornblade and 5325 Lynbrook plus an additional $50,000 payment under Section 8 of the Investor Agreement in connection with the closing of 3 Thornblade.

- For 2203 Looscan Lane, LLC, there is no bona despite that the Debtor owes at a minimum $119,375.00 for the additional funds obtained in excess of the Equity Loan for 2203 Looscan plus an additional $50,000 payment under Section 8 of the Investor Agreement in connection with the closing of 2203 Looscan.

- For 415 Shadywood, LLC, there is not bona died dispute that the Debtor owes at a minimum $711,573.41 for additional funds obtained in excess of the Equity Loan for 415 Shadywood plus an additional $50,000 payment under Section 8 of the Investor Agreement in connection with the closing of 415 Shadywood.

The Court finds that these amounts owed to each Petitioning Creditor is in excess of the statutory required set forth in Section 303 of the Bankruptcy Code.

The Court finds that the Debtor is not generally paying its debts as they come due since the Debtor did not fund the shortfalls to make the Required Payments at the closings of 3 Thornblade, 2203 Looscan Lane, and 415 Shadywood.

For the foregoing reasons, the Court grants the Involuntary Petition and denies the Debtor's request to dismiss the Involuntary Petition.

Dated: _____, 2019

                                                                                                                                   _____
HONORABLE EDUARDO V. RODRIGUEZ,
UNITED STATES BANKRUPTCY JUDGE