UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: § | |
| § | |
| § | |
| HL BUILDERS, LLC f/k/a § | Case No. 19-32825 |
| § | |
| Alleged Debtor § | (Involuntary Chapter 11) |

**Fee Application Summary**

| Name of Applicant: | FUQUA & ASSOCIATES, PC | |
|---|---|---|
| Applicant's Role in Case: | Target Debtor's Counsel | |
| Indicate whether this is an interim or final application: | N/A | |
| Date Order of Employment Signed: | N/A | |
| | Beginning of Period | End of Period |
| Time period covered by this application: | 5/20/2019 | 10/14/2019 |
| Time period(s) covered by any prior applications: | N/A | N/A |
| Total amounts awarded in all prior applications: | | N/A |
| Amount of retainer received in this case: | | N/A |
| Total fees applied for in this application and in all prior applications (including any retainer amounts to be applied): | | $97,333.50 |
| Total professional fees requested in this application: | | $96,307.50 |
| Total professional hours covered by this application: | | 227.40 |
| Average hourly rate for professionals: | | $425.00 |
| Total paraprofessional fees requested in this application | | $1,026.00 |
| Total actual paraprofessional hours covered by this application: | | 10.80 |
| Average hourly rate for paraprofessionals: | | $95.00 |
| Reimbursable expenses sought in this application: | | $2,809.35 |
| Application Cost | | $2,000.00 |
| Total to be paid to Priority Unsecured Creditors: | | N/A |
| Anticipated % Dividend to Priority Unsecured Creditors | | N/A |
| Total to be paid to General Unsecured Creditors | | N/A |
| Anticipated % Dividend to General Unsecured Creditors | | N/A |
| Date of Confirmation Hearing | | N/A |
| Indicate whether the plan has been confirmed | | N/A |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| HL BUILDERS, LLC f/k/a § | CASE NO. 19-32825 |
| CD HOMES, LLC, § | |
| § | (Involuntary Chapter 11) |
| ALLEGED DEBTOR § | |

**APPLICATION FOR ATTORNEY'S FEES AND COSTS
UPON DISMISSAL OF INVOLUNTARY PETITION
PURSUANT TO 11 U.S.C. § 303(i)(1)**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
UNITED STATES BANKRUPTCY JUDGE:

Come now, HL Builders, LLC f/k/a CD Homes, LLC, the Target Debtor herein (the *"Target Debtor"*) and Fuqua & Associates, P.C. as attorney for Target Debtor and file this Application for Attorney's Fees and Costs Upon Dismissal of Involuntary Petition pursuant to 11 U.S.C. § 303(i)(1), and in support thereof, would respectfully show this Court as follows:

1. On May 20, 2019 (the *"Petition Date"*), HouTex Builders, LLC (*"HouTex"*), 2203 Looscan Lane, LLC (*"Looscan Lane"*), and 415 Shadywood, LLC (*"Shadywood"*), (collectively, *"Petitioning Creditors"*) filed an involuntary petition against the Target Debtor. The involuntary petition was subsequently amended on July 11, 2019 and was the live pleading before the Court at the time of trial (the *"Amended Involuntary Petition"*) commencing on July 16, 2019 and concluding on August 21, 2019.

2. For the reasons stated in the Court's Memorandum Opinion on February 18, 2020 *[Dkt. 52]* (the *"Memorandum Opinion"*), Petitioning Creditors did not have standing to file the Amended Involuntary Petition.

3. Because there was neither consent of the parties nor any waiver by Target Debtor, Target Debtor and its attorneys file this application for payment of its reasonable and necessary attorney's fees and costs to Fuqua & Associates, P.C. pursuant to § 303(i)(1).

4. The Amended Involuntary Petition was dismissed on February 18, 2020 *[Dkt. 53]* and this Application is timely filed within thirty (30) days thereafter.

### Compensation Requested

5. This Application covers the period from the Petition Date through October 14, 2019.

6. Pursuant to Section 330(i)(l) of the Bankruptcy Code, Fuqua & Associates, P.C., as Target Debtor's attorneys, seek to recover from the Petitioning Creditors the reasonable and necessary attorney's fees and costs incurred by Fuqua & Associates, P.C. in its representation of Target Debtor with respect to defending Target Debtor from the filing of the Involuntary Petition and the Amended Involuntary Petition. Attached to this Application as ***Exhibit "A"*** is a summary of billing entries and/or invoices detailing the services rendered and the expenses incurred by Applicant in defending the Target Debtor from the Involuntary Petition.

7. Applicant has made every effort to ensure that this Application complies with the Local Rules for the Southern District of Texas, Section 330 of the Bankruptcy Code, the Bankruptcy Rules, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the ***"Trustee Guidelines"***), including the use of project codes.

8. The purpose of the billing categories is to better inform the Petitioning Creditors, the Court, and the United States Trustee's office of the nature of the services provided and time expended by Applicant's professionals for purposes of complying with the "Lodestar" factors

required for fees requested in this Court.

9. Applicant has made every effort to avoid unnecessary duplication of effort between its attorneys and paralegals as well as other professionals retained in this case. The average hourly rate of professionals working on this case is $425.00 per hour and the average hourly rate of paraprofessionals working on this case is $95.00 per hour.

## Summary of Fees

10. Set out below are summary breakdowns of fees billed by Applicant as counsel to the Target Debtor:

| NAME | HOURS | HOURLY RATE | FEES BILLED | TOTAL FEES |
|---|---|---|---|---|
| Richard L. Fuqua | 111.45 | $500.00 | $55,725.00 | |
| Mary Ann Bartee | 115.95 | $350.00 | $40,582.50 | |
| T.J. O'Dowd | 10.80 | $95.00 | $1,026.00 | |
| | | | | |
| **TOTALS** | 238.20 | | | $97,333.50 |
| | | | | |

11. Not included in the chart above and not included in the attached billing summary are fees in the amount of $2,000.00 for preparation of this Application.

## Professional Services Rendered

12. Set forth below is a summary description of the services rendered by each professional, the results obtained, and the necessity and benefit for the Target Debtor. The specific tasks undertaken by Applicant, the number of hours devoted, and the amounts charged by each professional or paraprofessional are also set forth below, and are detailed in the work records attached as *Exhibit "A."*

-3-

### Pre-Trial Preparation And Trial Services

13. In this billing category, Applicant spent 98.95 hours of professional time representing $44,699.00 in fees.

14. Applicant billed time in this billing category from the Petition Date to review the Involuntary Petition, Amended Involuntary Petition and Emergency Motion to Appoint Trustee filed by Petitioning Creditors, to confer with Target Debtor, to conduct legal research, to prepare and file responses to Petitioning Creditors' pleadings, and to conduct the deposition of Petitioning Creditors' representative, Charles Foster.

15. Applicant billed time in this billing category to review Petitioning Creditors' exhibit and witness list, to prepare Target Debtor's exhibit and witness list for trial, to confer with Target Debtor's representative, and to prepare for and attend trial on the merits in the Involuntary Proceeding.

### Post-Trial Briefing

16. In this billing category, Applicant spent 139.25 hours of professional time representing $52,634.50 in fees.

17. Applicant billed time in this billing category to review Petitioning Creditors' Brief in support of Filing of Involuntary Petition, to conduct legal research, review prior hearing and trial transcripts, to prepare Target Debtor's Reply Brief, to review Petitioning Creditors' Sur-Reply Brief, and to prepare Target Debtor's Sur-Reply Brief.

18. At all times, Applicant acted at the direction of the Target Debtor in Target Debtor's reasonable business judgment and all services were provided in an effort to maximize value for the Target Debtor. At the time, these services were reasonable and necessary to refute Petitioning

Creditors' alleged standing to file the Amended Involuntary Petition by establishing credible evidence that a bona fide dispute existed as to liability and amount of the claims relied upon by Petitioning Creditors.

### Disbursements for Out-of-Pocket Expenses

19. As set forth below, Applicant is requesting reimbursement in the amount of $2,809.35 in actual and necessary out-of-pocket expenses incurred in the rendition of professional services to the Target Debtor during the Application Period. Applicant's expenses incurred during the Application Period can be summarized as follows:

| | |
|---|---|
| Postage | $ 38.80 |
| Photocopies | $ 476.75 |
| Research | $1,550.00 |
| Transcripts | $ 634.80 |
| Delivery | $ 109.00 |
| **Total** | **$2,809.35** |

20. Applicant submits that all expenses incurred were reasonable and necessary and should be allowed by the Court.

### Memorandum of Law

21. Section 303(i) of the Bankruptcy Code provides that the court may grant judgment against Petitioning Creditors and in favor of Target Debtor for reasonable attorney's fees if the court dismisses a petition under this section other than on consent of all petitions and the debtor, and if the debtor does not waive the right to judgment under this subsection.

22. The Court held that the parties to the Amended Involuntary Petition have neither consented to the dismissal of the Amended Involuntary Petition nor has Target Debtor waived its

right to judgment under § 303(i). *See* Memorandum Opinion, pp. 30, 31.

23. Further, section 330 of the Bankruptcy Code governs the allowance of compensation for professional services and reimbursement of out-of-pocket expenses incurred in the rendering of services. In pertinent part, section 330 provides:

. . .

(3) In determining the amount of reasonable compensation to be awarded . . . the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

   (A)   the time spent on such services;

   (B)   the rates charged for such services;

   (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

   (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, or task addressed;

   (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

   (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

24. Bankruptcy Courts in the Fifth Circuit also consider the guidelines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to determine requests for fees under Bankruptcy Code section 330.

25. The *Johnson* factors include the following: (1) time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the professional services properly; (4) the preclusion of other employment by the professional due to acceptance of

the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson,* 488 F.2d at 717-719.

26. In order to evaluate services rendered to a bankruptcy estate by a debtor attorney under Bankruptcy Code section 330, a court must decide whether such services were necessary and reasonable at the time such services were rendered, the value of such services, and the cost of comparable services in non-bankruptcy matters.

27. Determining what constitutes reasonable compensation is soundly within the discretion of the Bankruptcy Court, because it is in the best position to determine the reasonableness of a proposed fee. *See In re Anderson,* 936 F.2d 199, 204 (5th Cir. 1991). In determining whether Applicant has met its burden of proof of Bankruptcy Code Section 330(a), the Court must first ascertain the nature and extent of the necessary and appropriate services which Applicant has rendered and then assess the reasonable value of those services. *In re Lawler,* 807 F.2d 1207, 1210-11 (5th Cir. 1987).

28. As demonstrated below, Applicant has met its burden under section 330 of the Bankruptcy Code. The Court should award the Target Debtor's attorneys reasonable and necessary attorney's fees and costs incurred with respect to the Petitioning Creditors' inappropriate filing of the Involuntary Petition and the Amended Involuntary Petition.

### A. Time and Labor Expended

29. This involuntary case has required significant professional time and attention since the Petition Date. From May 20, 2019 through October 14, 2019, Applicant's professionals provided 238.20 hours of professional and paraprofessional legal services to the Target Debtor. Applicant's time records are recorded substantially contemporaneously with the rendition of services and set forth the time expended by each billing professional on a daily basis.

30. Applicant is cognizant of the costs of legal services and has taken care to ensure that partners did not perform services that could have been performed by associates and attorneys did not perform services that could have been performed by paralegals in order to avoid duplication of effort. Applicant represents that time expended is commensurate with the services of other law firms representing chapter 11 target debtors in similar situation as the Target Debtor in this case. Applicant reasonably expended time in order to adequately protect the Target Debtor in this case.

### B. Novelty and Difficulty of the Case

31. Applicant's representation of Target Debtor has required an advanced level of skill and understanding of the issues presented in the involuntary proceeding together with a comprehensive knowledge of commercial litigation, federal and state law, the Bankruptcy Code, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Bankruptcy Procedure, and the local rules of this Court.

### C. Reputation of Attorneys

32. Applicant's attorneys enjoy a well-respected reputation for their abilities in the fields of debtor representation, creditors' rights and complex commercial litigation. Applicant's

professionals have extensive experience representing debtors, fiduciaries and other parties in bankruptcy cases and extensive litigation experience in federal courts.

### D. Skill Required

33. This case has required Applicant to exercise an advanced level of skill in advising the Target Debtor on the matters for which Applicant was engaged; namely, to oppose entry of an order for relief with respect to the Amended Involuntary Petition pursued by Petitioning Creditors. Applicant has staffed all matters with able and accomplished personnel, while delegating tasks where appropriate. Because of the nature of the legal issues and complexity of facts, a high degree of skill was necessary to adequately represent the interests of the Target Debtor.

### E. Preclusion of Other Employment

34. The dedication of time required by this case did not preclude other employment by the attorneys involved in this case. However, the representation of the Target Debtor required significant time commitment by Applicant.

### F. Results Obtained

35. Applicant's legal services were reasonable and necessary to prevent entry of an order for relief against Target Debtor in the involuntary proceeding. Applicant's legal services successfully achieved the dismissal of the Amended Involuntary Petition.

### G. Imposed Time Limitations

36. Applicant believes that it has successfully handled the time limitations imposed under the involuntary proceeding and enabled the case to progress in an efficient manner given the circumstances and extent of the issues involved in this case.

### H. Customary Fee for the Services Rendered

37. The time and effort required by Applicant to adequately and successfully represent the Target Debtor as counsel and the complexities of the representation have been described in this Application. If this were not a case under the Bankruptcy Code, Applicant would charge the Target Debtor, and expect to receive on a current basis, an amount at least equal to the amounts requested herein for professional services. Moreover, the fees and rates charged are the same or lower than (a) fees and rates charged by comparable law firms in the Southern District of Texas; and (b) fees charged by Applicant for work performed by attorneys of commensurate experience in commercial litigation, bankruptcy and other fields of law throughout the country.

### I. Fixed or Contingent Fee

38. Applicant's fee expectation upon accepting this representation was that it would receive compensation for professional services rendered at its usual and customary hourly rates for bankruptcy cases, and in any event such fees would be subject to Bankruptcy Court approval. There was question about the Target Debtor's ability to pay the fees and expenses required to defend the involuntary case. Additionally, the Petitioning Creditors are all Chapter 11 Debtors who are liquidating. The foregoing observations were less than desirable circumstances surrounding and accompanying the representation of the Target Debtor.

### J. Awards in Similar Cases

39. The compensation sought by Applicant in this case, the hourly rates charged and Applicant's average hourly billing rates are less than those sought by professionals in this and other cases of similar size and complexity in this District.

K. **The Undesirability of This Case**

40.     The nature of this involuntary case, its relationship with the existing chapter 11 proceedings involving Petitioning Creditors, and the contentious history between the respective parties cause this case to be somewhat undesirable.

**Conclusion**

41.     Applicant's services were reasonable and necessary to defend Target Debtor against the Amended Involuntary Petition, avoid an entry of relief, and achieve dismissal for lack of Petitioning Creditors' standing to initiate the involuntary proceeding against Target Debtor. Applicant respectfully requests that the Court: (i) allow a minimum amount of $97,333.50 for 238.20 hours of professional and paraprofessional time for services rendered to Target Debtor during the Application Period; (ii) allow the actual and necessary out-of-pocket expenses incurred during the representation in the amount of $2,809.35; (iii) authorize compensation for professional and paraprofessional services for preparation of this Application in the amount of $2,000.00; and (iv) classify the attorney's fees and costs awarded to Target Debtor's attorneys herein as a Priority Administrative Claim in the Petitioning Creditors' pending bankruptcy proceedings.

WHEREFORE, PREMISES CONSIDERED, Applicant, as Target Debtor's attorneys, pray that the Court award reasonable and necessary attorney's fees and costs to Target Debtor's attorneys against Petitioning Creditors upon dismissal of the Amended Involuntary Petition pursuant to 11 U.S.C. § 303(i)(l) in the minimum cumulative amount of $102,142.85, that such award be classified as a Priority Administrative Claim in the Petitioning Creditors' pending bankruptcy proceeding, and for such other relief as is just and proper.

Dated: March 19, 2020

                    Respectfully submitted,

                    FUQUA & ASSOCIATES, PC

BY:    */s/ Richard L. Fuqua*
           Richard L. Fuqua
           State Bar No. 07552300
           8558 Katy Freeway, Suite 119
           Houston, TX 77024
           (713) 960-0277   Telephone
           (713) 960-1064   Facsimile
           rlfuqua@fuqualegal.com
           Counsel for Target Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded by email on March 19, 2020 to the party listed below and by electronic service to all parties eligible to receive notice via the Court's ECF system.

Charles M. Rubio
Diamond McCarthy LLP
909 Fannin, Suite 3700
Houston, TX 77010
Email: crubio@diamondmccarthy.com

                    */s/ Richard L. Fuqua*
                    Richard L. Fuqua